# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANGELIQUE M. HAMRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CV-179 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Angelique Hamrick brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On May 20, 2010, after Hamrick had filed her opening brief, this Court entered an Order pursuant to a joint stipulation by the parties to reverse the Commissioner's denial of benefits and remand the case for further proceedings. (Docket # 24.)

Hamrick has now filed a motion and a supplemental motion to recover attorney fees in the amount of $6,323.15 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 26, 34.) While the Commissioner concedes that Hamrick is entitled to attorney fees, it argues that the amount of the fee request is unreasonable. (Docket # 29.) For the reasons set forth herein, however, Hamrick's motion for attorney fees will be GRANTED.

## II. DISCUSSION

The Commissioner argues that Hamrick's fee award should be reduced, purporting (1) that her attorney, Joseph Shull, spent an excessive amount of time reviewing the record and in

drafting the opening brief; and (2) that she has not shown that Shull's adjusted hourly rate was reasonable. The Commissioner's objections, however, are ultimately unpersuasive.

### A. *The Time Hamrick's Attorney Spent Reviewing the Record and Briefing the Case Was Reasonable.*

Hamrick moves for a total of $6,323.15 for 36.55 hours of work performed by Shull in federal court. (*See* Docket # 26, 34.) Hamrick, as the fee applicant, has the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

In addition, "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (emphasis in original; internal quotation marks and citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id*.

2

(quoting *Hensley*, 461 U.S. at 437).

The Commissioner first takes issue with the amount of time, 4.80 hours, Shull spent reviewing the administrative transcript and making notes to prepare for the federal appeal. It argues that Shull represented Hamrick at the administrative level and thus was already familiar with the case as demonstrated at the administrative hearing, in his post-hearing letter to the administrative law judge ("ALJ"), and in his brief to the Appeals Council. The Commissioner rather conclusorily requests that the 4.80 hours be reduced to 1.80 hours.

Similarly, the Commissioner contends that the 21.10 hours Shull spent drafting Hamrick's opening brief was excessive. It argues that Hamrick raised four issues in her opening brief and that three of those issues had already been raised before the Appeals Council and the remaining issue was presented to the ALJ in a post-hearing letter. The Commissioner argues that although Shull reworked the arguments on appeal to this Court, the essential issues were already identified and framed in the brief to the Appeals Council and in the post-hearing letter to the ALJ. Consequently, the Commissioner requests that the 21.10 hours spent on Hamrick's opening brief be reduced to 17.10 hours.

The Commissioner's arguments are unconvincing. The 4.80 hours that Attorney Shull spent reviewing the administrative transcript and making notes, and the 21.10 hours he spent researching arguments and writing the opening brief, are certainly reasonable. *See, e.g.*, *Burke v. Astrue*, No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (concluding that 34.4 hours is a reasonable amount of time to expend reviewing the transcript, researching, and drafting the opening brief); *Schutt v. Massanari*, No. 00 C 1370, 2001 WL 1155253, at *3 (N.D. Ill. Sept. 28, 2001) (concluding that 26.65 hours spent reviewing the transcript and writing the

opening brief was reasonable). The transcript in this case was in excess of 500 pages (*see* Opening Br. 20 (citing Tr. 503)), and Shull explains that he had to research two objective psychological tests referenced in the record.

Shull also emphasizes that the initial arguments advanced to the Appeals Council in a two-page brief failed to persuade the Council to rule in Hamrick's favor. Therefore, he spent a substantial amount of time strengthening these arguments, researching the law, and adding factual detail to create the twenty-five page opening brief he filed with this Court. Shull advanced four arguments to the Court, and thus the 21.10 hours average out to just 5.275 hours per argument.

Furthermore, these arguments were of a diverse nature, challenging the ALJ's consideration of two different treating physicians' opinions, his development of the record, and his credibility determination. Indeed, the issues regarding the physicians' opinions and Hamrick's credibility are multi-faceted and require a close and careful analysis of the record. *See, e.g., Dominguese v. Barnhart*, No. 99-C-0596, 2002 WL 32318281, at *6 (E.D. Wis. July 12, 2002) (finding that the 43.3 hours plaintiff spent drafting briefs was reasonable where the central issue was the sufficiency of the ALJ's credibility assessment). "To explicate the errors in the ALJ's assessment, plaintiff's counsel had to address each category, find and point to contrary evidence in the record, dissect the logic of the ALJ's conclusion and, in some instances, demonstrate how the ALJ failed to comply with required Social Security regulations and rulings and caselaw." *Id*.

Obviously, Hamrick's opening brief was successful, as it facilitated the Commissioner to stipulate to a remand of the case. In fact, the Commissioner does not point to any specific

4

arguments, facts, or law that Shull could have omitted from his opening brief. Furthermore, the total amount of time that Shull spent on this case, 36.55 hours, is well within the range of hours that is considered reasonable for social security appeals. *See, e.g., Snider v. Astrue*, No. 1:08-cv-53, 2009 WL 1766925, at *5 n.3 (N.D. Ind. June 23, 2009) (concluding that 54.50 hours of work on appeal was reasonable and in line with other Social Security cases in the circuit); *Dominguese*, 2002 WL 32318281, at *6 (collecting cases where fee awards from 53.5 to 66.95 hours of work in a Social Security appeal were considered reasonable). Therefore, the Commissioner's first argument is unsuccessful, and the 21.10 hours that Shull spent on Hamrick's opening brief, as well as the 4.80 hours spent reviewing the transcript and making notes, will not be reduced.

### B. Hamrick's Attorney's Adjusted Hourly Rate Is Reasonable.

The Commissioner also asserts that Shull's adjusted hourly rate, $173, is improper, contending that he should have calculated the cost of living increase using the "Midwest Urban" average of the Consumer Price Index, resulting in an hourly rate of $170.25, rather than the "All Urban" index. Again, the Commissioner's argument is unpersuasive.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Here, Shull explains that he calculated the hourly rate of $173 based on the change in the cost of living from March 1996, the base rate mentioned in the statutes, through June 2009, the month he began working on the federal court case. (Mot. of Award of Atty's Fees 3.) He further explains that he determined the increase in the cost of living by taking the current index for "All Urban Consumer's (CPI-U), all items (Entire Country)" for

June 2009, which he obtained from the Bureau of Labor Statistics, and divided that by the same index for March 1996 and multiplied it by $125 per hour. (Mot. of Award of Atty's Fees 3.)

The Commissioner does not object to Shull's incorporation of an increase in the base rate due to the cost of living. It contends, however, that he should have used the "Midwest Urban" average of the Consumer Price Index in his calculation rather than the "All Urban" index, thereby measuring the increase in cost of living on a regional basis rather than a national basis. (Def.'s Opp'n to Pl.'s Mot. for Fees Under EAJA 3.) It explains that this would reduce Shull's hourly rate by $2.75, that is, from $173 to $170.25.

In that regard, it appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate that he seeks. *Compare Simms v. Astrue*, No. 2:08-cv-00094-PRC, 2009 WL 1659809, at *7 (N.D. Ind. June 12, 2009) (calculating the cost of living increase by using a regional index)*; Fenn v. Bowen*, No. 85 C 10283, 1988 WL 124137, at *4 (N.D. Ill. Nov. 15, 1988) (same), *with Hampton v. Astrue*, No. 06-cv-477-DRH, 2008 WL 2090728, at *2 n.1 (S.D. Ill. May 15, 2008) (calculating the cost of living increase by using the "All Urban" index); *Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1096, 1097 (E.D. Wis. 2003) (same). Indeed, as at least one other district court has noted, it is not particularly clear in this Circuit "[w]hich of the Consumer Price Indexes is more appropriate." *Simms*, 2009 WL 1659809, at *7.

Here, Shull has consistently been using the "All Urban" index to compute the cost of living increase for his EAJA fees before this Court for at least five years, explaining in detail how

he calculates the increase from the information obtained from the Bureau of Labor Statistics.[1] In doing so, he has adequately justified the increased rate that he seeks. *See, e.g.*, *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 953 (E.D. Wis. 2003) ("[Counsel] justifies the increase by applying the Bureau of Labor Statistics 'all items' Consumer Price Index ('CPI-U'), calculating the increase from 1996, when the maximum rate of $125 was set, to [the date the work was performed]. The CPI-U is an acceptable source for calculating an increase in the cost of living."). The Commissioner has never before objected to the use of this index in Shull's calculations, often even declining to file a response to his requests for fees.[2] Moreover, in this instance the difference in the hourly rates amounts to only $2.75, a seemingly nominal amount.

Therefore, considering that Shull has adequately justified his request for an increase and the lack of clarity in the case law concerning the appropriate cost of living index, Hamrick's request for the award of attorney fees will be granted as calculated by Shull at $173 per hour.[3]

---

[1] *See, e.g.*, Mem. in Supp. of Mot. for Award of Atty's Fees, *Gaskill v. Astrue*, No. 1:08-cv-308 (N.D. Ind. Mar. 1, 2010); Mem. in Supp. of Mot. for Award of Atty's Fees, *Gray v. Astrue*, No. 1:08-cv-167 (N.D. Ind. July 9, 2009); Mem. in Supp. of Mot. for Award of Atty's Fees, *Owsley v. Astrue*, 1:07-cv-73, 2008 WL 762479 (N.D. Ind. Mar. 19, 2008); Mem. in Supp. of Mot. for Award of Atty's Fees*, Grostefon v. Astrue*, 1:05-cv-135 (N.D. Ind. Mar. 21, 2007); Mem. in Supp. of Mot. for Award of Atty's Fees, *Brooks v. Barnhart*, No. 1:05-cv-377 (July 5, 2006).

[2] *See, e.g., Gaskill*, No. 1:08-cv-308; *Gray v. Astrue*, No. 1:08-cv-167; *Owsley*, 2008 WL 762479; *Grostefon v. Astrue*, 1:05-cv-135 *Brooks*, No. 1:05-cv-377.

[3] Shull requests that the Court order the fee award to be paid directly to him, rather than Hamrick, pursuant to an assignment executed by Hamrick in his favor on June 5, 2009. (*See* Mem. in Supp. Attach.) The Commissioner, however, opposes this request, citing the recent Supreme Court holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). Indeed, in *Astrue*, the Supreme Court held that an EAJA award is payable to the litigant, not his attorney, and is subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. *Id.* Therefore, Shull's request that the fee award be paid directly to him is denied.
   Not to be deterred, Shull alternatively proposes in his reply brief that the Court enter an order "which fully recognizes the government's right to offset the fee but also accommodates the assignment of the fee by Plaintiff to Plaintiff's counsel." (Reply Br. 12.) The Court also declines Shull's alternative plea; the fee award is payable to Hamrick. *See Brown v. Astrue*, 271 Fed. App'x 741, 743-44 (10th Cir. Mar. 27, 2008) (holding that the plaintiff's assignment of his right in the fee award to counsel "does not overcome the clear EAJA mandate that the award is to him as the prevailing party" and the private contractual arrangement between plaintiff and his counsel "was a collateral matter the district court did not need to address when considering the EAJA fees motion").

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion (Docket # 26) and supplemental motion (Docket # 34) for award of attorney's fees under the EAJA in the amount of $6,323.15 are GRANTED, except that the fee award is to be paid to Hamrick rather than Attorney Shull.

SO ORDERED.

Enter for September 27, 2010.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge